MARGARET KENNEY, AS ADMINISTRATRIX, ETC., OF ALEX-ANDER KENNEY, DECEASED, RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Contract between a railroad and an express company that the former should not be liable for injury done to any employee of the latter—not binding on the employee.*

In an action, brought to recover damages for the negligent killing of the plaintiff's intestate, it was stipulated by the defendant that the deceased came to his death through the negligence of the defendant, without contributory negligence on the part of the said intestate. The intestate was a messenger of the National Express Company, and at the time of his death was in charge of goods then being transported by the defendant for the express company over the lines of the West Shore Railroad Company, which lines were then leased to and operated by the defendant. Previous to such lease a contract had been made between the West Shore Railroad Company and the National Express Company, by which the latter had the right to carry goods on all passenger trains of the former at rates specified in the contract, and "to send one messenger by each train without charge."

A clause of the contract read as follows: "Party of the first part is hereby expressly released from, and guaranteed against, any liability for any damage done to the agents of the party of the second part, whether in their employ as messengers or otherwise."

*Held,* that, in the absence of evidence of an agreement on the part of the deceased, or of knowledge on his part of this agreement of his employer, which assumed to grant immunity to the defendant for injuries done to him, that it was not competent for the express company to waive or compromise the right of the intestate to protection against negligent wrong at the hands of the defendant, or to discharge the defendant from a cause of action which belonged only to the intestate or his personal representatives.

That a judgment in favor of the plaintiff should be affirmed

APPEAL by the defendant from a judgment, entered upon a verdict rendered at the Erie Circuit, in the office of the clerk of Erie county on the 28th day of February, 1889, in favor of the plaintiff against the defendant, in the sum of $4,477.47.

*J. G. Milburn,* for the appellant.

*Moses Shire,* for the respondent.

DWIGHT, J.:

The action was for the negligent killing of the plaintiff's intestate. It was stipulated by the defendant that the deceased

came to his death by the negligence of the defendant, without con-tributory negligence on his part. This admission entitled the plaintiff to recover unless the defendant had made out its defense, which was to the effect that the defendant had been released before-hand from its liability, in such manner as to bind the intestate and his personal representatives; and it is to be conceded that, for all the purposes of this examination, the case is to be treated as if it were an action by the intestate himself for an injury from which death did not result; for only in case such an action might have been maintained; is a cause of action given to his personal representa-tives. (Code Civ. Pro., § 1902.) The intestate was a messenger of the National Express Company, and at the time of his death was in charge of goods then being transported by the defendant, for the express company, over the lines of the West Shore Railroad Company, which lines were then leased to and operated by the defendant. Previous to such lease, a contract had been made between the West Shore Railroad Company and the National Express Company, by which the latter had the right to carry goods on all passenger trains of the former at rates, specified by the con-tract, to be paid by the latter, and "to send one messenger by each train without charge." There was a clause of the contract which read as follows: "The party of the first part is hereby expressly released from and guaranteed against any liability for any damage done to the agents of the party of the second part whether in their employ as messengers or otherwise."

In the answer of the defendant it was averred that the deceased had full notice of and entered upon his duties and performed the same by virtue of such contract, "and that pursuant to the terms of such contract he• did, by his certain agreement, undertake to release and discharge the said railroad company and this defendant of and from any claim or right of action which he might have by reason of any injury which he should sustain while being carried under such contract."

The weakness of the defendant's case is in the fact that this averment was not proved. There was no evidence of any agree-ment on the part of the deceased, nor of any knowledge on his part of the agreement of his employer which assumed to grant immunity to the defendant for injuries done to him. The question, so far as we

know, is a new one, and it has not been much discussed upon this appeal, but we are not able to see how it was competent for the express company, without the consent of the deceased, to bargain away his right to the protection of the law. That the defendant owed him the duty to exercise a reasonable care for his safety is a proposition which does not admit of dispute. The contract of his employer did not assume to discharge the defendant from that duty, but only from liability for its violation. The stipulation in this case, that the death of the deceased was caused by negligence of the defendant, implies that the latter owed a duty to the former, because negligence consists of the omission of care which is due. This duty did not depend upon contract, express or implied. The deceased was not a trespasser on the cars or the lines of the defendant. He was rightfully there with the consent of the defendant, and being so the defendant was bound to exercise a reasonable care for his safety. It is true the case contains a statement to the effect that proof was made " that he (the deceased) paid no fare, and that such rights as he had in the car where he was killed were derived by him under the terms of the agreement " above mentioned. But it cannot be intended by this that proof was made that the deceased had in any way forfeited or surrendered his natural and inalienable rights, among which was his right to life. The proof referred to must have been limited, as the statement is, to his " rights in the car," that is, his right to be in the express or baggage car and to be transported therein with the goods in his charge; to have the custody and control of those goods; to put off goods at stations to which they were consigned, and to take on goods at stations at which they were offered for transportation. These were his rights in the car as the agent of the express company, and these were the rights which the express company contracted for and might limit by its contract. But he had besides these the rights which belonged to himself as an individual, and among them was the right to safety of life and limb as against the wrongful or negligent acts of the defendant, its agents or servants. He had never waived that right nor released the defendant from the liability which sprung from its violation. The express company could not waive a right which did not belong to it, nor release a liability which accrued to another.

The obligation to carry the deceased and give him the necessary facilities for doing his work was an obligation to his employer, by virtue of the contract with the latter. The obligation not to do him a personal injury through negligence was a personal obligation which the defendant owed to him in common with all persons who were so situated as to be liable to such injury, without fault or wrong on their own part. The liability which sprung from the violation of this obligation did not rest in contract any more than if the deceased had been negligently run over by the defendant's train at a crossing of its road, or if his house, contiguous to the defendant's track, had been negligently burned by fire from the defendant's engine.

In no aspect of the case was it competent for the express company to waive or compromise the right of the intestate to protection against negligent wrong at the hands of the defendant, or to discharge the defendant from a cause of action which belonged only to the intestate or his personal representative. Indeed, it would seem that the railroad company did not altogether rely upon the agreement of the express company to *release* it from the liability in question, for it proceeded to take an agreement to *guarantee* it against such liability. This latter was a contract which it was competent for the express company to make and prudent for the railroad company to require. In effect, it recognized the existence of the liability on the part of the railroad company to the person injured, and shifted the final responsibility, therefore, by giving to the railroad company an action over for such damages as it should be compelled to pay.

If the views so far expressed are correct, it is unnecessary to examine the question, principally discussed on the argument, whether the contract, even if the deceased were a party to it, was void as against public policy.

We find that the deceased was not a party to the contract, and conclude that it had no effect to deprive him of his rights in the respect which has been under discussion.

The judgment should be affirmed.

All concurred.

Judgment affirmed.